In the Matter of the Welfare
of R.J.E., child.

No. C4–00–2189.

Supreme Court of Minnesota.

April 25, 2002.

John M. Stuart, State Public Defender, Charlann E. Winking, Asst. State Public Defender, Minneapolis, for appellants.

Michael A. Hatch, Atty. General, St. Paul, Roger S. Van Heel, Stearns Cty. Atty., Michael J. Lieberg, Asst. Stearns Cty. Atty., St. Cloud, for respondent.

## OPINION

PAGE, Justice.

■ Fifteen-year-old R.J.E. was charged with criminal sexual conduct in the fifth degree. Following the denial of a motion to suppress statements that he contended were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), R.J.E. pled not guilty and agreed to a delinquency hearing on stipulated facts, in accordance with *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980).[1] The district court adjudicated R.J.E. delinquent based on the stipulated facts. On appeal, the court of appeals held that, while the district court's denial of the motion to suppress R.J.E.'s statements was error, the error was harmless beyond a reasonable doubt and, therefore, affirmed the delinquency. *In re Welfare of R.J.E.*, 630 N.W.2d 457, 461–63 (Minn.App.2001). We reverse and remand for further proceedings.

The facts relevant to our review are as follows. On October 7, 1999, A.G., a female student at the same high school attended by R.J.E., reported to school authorities that R.J.E. had inappropriately touched her breasts and crotch and made inappropriate comments about having sex with her. As a result of A.G.'s report, a uniformed police officer who worked at the school as a liaison officer had a uniformed school security guard escort R.J.E. from his classroom to the school security office to be interviewed. Upon entering the office, another security officer searched R.J.E. According to the police officer, R.J.E. was a suspect in a criminal investigation at the time of the interview. In addition to the police officer and the two security guards, a school social worker was present during the interview.

The taped interview began with the police officer stating, "This will be in to [sic] case 99034645. The date is 10/07/99. The time is 1503 hours. This is Officer Weleski. This is in reference to a sexual assault that occurred * * * on this date." During the interview, R.J.E. made a number of incriminating statements. The police officer did not give R.J.E. a *Miranda* warning, did not inform him that he was free to leave, and did not tell him that he could decline to answer the officer's ques-

---

1. Defendants wishing to obtain appellate review of pretrial decisions to suppress evidence may enter a plea of not guilty, waive the right to a jury trial, and then stipulate to the prosecution's case. *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn.1980).

tions. R.J.E. believed that he was not free to leave, although, according to the officer, he would have been allowed to leave had he asked. R.J.E. was not informed that he could speak to his mother and his mother was not notified about the interview before it began. After the interview, R.J.E. was turned over to the school's vice principal, who questioned R.J.E. further. R.J.E. was eventually released to his mother.

R.J.E. was charged with criminal sexual conduct in the fifth degree, in violation of Minn.Stat. § 609.3451, subd. 1(1) (2000), and disorderly conduct, in violation of Minn.Stat. § 609.72, subd. 1(3) (2000). Before R.J.E.'s delinquency hearing, R.J.E. moved to suppress the statements he made in response to the police officer's questions, arguing that the statements were obtained without a proper *Miranda* warning and that they were involuntary. The district court denied his motion, concluding that R.J.E. was not "in custody" during the interrogation and that R.J.E.'s statements were voluntary.

Seeking to preserve the suppression issue for appeal, R.J.E. agreed to waive his right to a contested delinquency hearing and submitted the case to the district court on stipulated facts, according to the procedures approved by this court in *Lothenbach*. Based on the stipulated facts, the district court found R.J.E. guilty of criminal sexual conduct in the fifth degree and adjudicated him delinquent. The disorderly conduct charge was dismissed without prejudice.

R.J.E. appealed and the court of appeals held that the district court's denial of R.J.E.'s suppression motion was error. *R.J.E.*, 630 N.W.2d at 458–59. The court of appeals concluded that R.J.E. was enti-

tled to a *Miranda* warning when the police officer interviewed him because he was in custody at the time.[2] *R.J.E.*, 630 N.W.2d at 463. The court of appeals also concluded that the error was harmless beyond a reasonable doubt and affirmed R.J.E.'s delinquency adjudication. *Id.* at 462–63. In concluding that the admission of R.J.E.'s statements was harmless error, the court of appeals reasoned that the "record [did] not contain any exculpatory evidence" and that the "victim's statements demonstrate[d] beyond a reasonable doubt that R.J.E. committed criminal sexual conduct in the fifth degree, which support[ed] R.J.E.'s delinquency adjudication." *Id.* at 462.

In his appeal to this court, R.J.E. requests that the court reverse his delinquency adjudication and remand the case for a full hearing on the merits. R.J.E. contends that review for harmless error is inappropriate when a criminal defendant has waived constitutional rights and stipulated to the state's evidence for the purpose of obtaining review of pretrial issues. R.J.E. further contends that, if review for harmless error is appropriate, the admission of his statements was not harmless beyond a reasonable doubt. He also argues that he did not knowingly and intelligently waive his constitutional rights because he believed that he would receive a new trial if the appellate court concluded that the admission of his statements was error.

■ We first address the legal question of whether matters tried on stipulated facts for the purpose of preserving pretrial issues for appeal are subject to review for harmless error. We review questions of

---

**2.** The state did not petition for cross-review regarding whether the court of appeals was correct when it held that R.J.E.'s statements should have been suppressed. Therefore, that issue is not before the court in this appeal.

law de novo. *Kliniski v. Southdale Manor, Inc.,* 518 N.W.2d 7, 9 (Minn.1994).

■ The procedure for trials on stipulated facts, which we approved in *Lothenbach,* permits a criminal defendant, in the absence of an interlocutory appeal, to obtain review of pretrial issues without going through a contested trial. 296 N.W.2d at 857. The rationale for allowing such trials is to prevent the inefficient use of judicial resources that occurs when a contested trial, which is otherwise unnecessary because of a lack of disputed facts, is necessary for a defendant to appeal pretrial rulings. *State v. Verschelde,* 595 N.W.2d 192, 194–95 (Minn.1999).

■ Regarding review for harmless error, a finding of constitutional error does not require a new trial if the state can show that the verdict actually rendered was "surely unattributable to the error"— that is, "harmless beyond a reasonable doubt." *State v. Day,* 619 N.W.2d 745, 750 (Minn.2000); *State v. Juarez,* 572 N.W.2d 286, 291–92 (Minn.1997). The purpose of review for harmless error is to relieve the courts and the public of the needless expense of retrying cases "in which the result would be the same after the error had been corrected." Philip J. Mause, *Harmless Constitutional Error: The Implications of Chapman v. California,* 53 Minn. L.Rev. 519, 519 (1969); *see also Kotteakos v. United States,* 328 U.S. 750, 759–60, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946); *State v. Link,* 289 N.W.2d 102, 106 (Minn.1979) ("[I]f there is ever to be finality in the criminal justice system, a harmless error doctrine is essential.").

R.J.E. argues that reviewing trials on stipulated facts for harmless error fails to satisfy the philosophical justification of the harmless error rule, which presumes that a contested trial has occurred. R.J.E. asserts that the court lacks the ability to assess the "underlying fairness" of a proceeding when no contested trial has occurred. In support of that assertion, R.J.E. calls our attention to *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), where the United States Supreme Court stated:

> The harmless-error doctrine recognizes the principle that the central purpose of a criminal trial is to decide the factual question of the defendant's guilt or innocence and promotes public respect for the criminal process by focusing on the underlying fairness of the trial rather than on the virtually inevitable presence of immaterial error.

*Id.* at 577, 106 S.Ct. 3101 (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 681, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (citations omitted)).

According to R.J.E., the minimum constitutional standards, such as allowing the defendant to subpoena witnesses and having the state's witnesses testify under oath in open court and be subject to cross-examination in the defendant's presence, are not met when a defendant is tried on stipulated facts. R.J.E. argues that, because these minimum constitutional standards are not met, it is not possible on review for an appellate court to assess whether or not a particular error was harmless in light of the record as a whole. R.J.E. also argues that reviewing trials on stipulated facts for harmless error does not serve the purpose of judicial economy because defendants will have no incentive to agree to such trials if the constitutional errors can be found harmless.

The state contends that, because contested trials and trials on stipulated facts are both "trials," they should be subject to the same standard of review, including review for harmless error. The state argues that the properly admitted evidence in the present case is sufficient to sustain

R.J.E.'s adjudication as a juvenile delinquent and, therefore, the trial court's verdict would be the same if the error were corrected. The state also warns against creating "unlimited interlocutory review of pretrial evidentiary rulings."

While we have not had occasion to rule on whether to apply harmless error review to trials on stipulated facts, we have expressed doubt, on at least two occasions, about the soundness of doing so. In *State v. Miller*, 316 N.W.2d 23 (Minn.1982), we stated:

> Even taking into account the fact that the United States Supreme Court in recent cases appears to have endorsed a "practical, less-than-literal application of the [harmless error] rule," *we have doubts about the soundness of such a ruling in this case because the case was tried on stipulated facts, without any testimony* by the victims identifying defendant or any of the objects found in his apartment, and it seems highly likely that the confession played a significant role in influencing the court to find defendant guilty.

*Id.* at 31 n. 3 (emphasis added) (citations omitted). In *State v. Munson*, 594 N.W.2d 128 (Minn.1999), we noted similar concerns:

> [W]e are hesitant to apply a harmless error analysis where an appellant has stipulated to the state's facts only to preserve the evidentiary issues for appeal and *has not had a chance to challenge the state's evidence or present evidence of his own.*

*Id.* at 143–44 (emphasis added).

In *Berkemer v. McCarty*, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984), the United States Supreme Court noted its misgivings about the application of harmless error review to an appeal from a conviction arising from a plea of no contest. *Id.* at 444, 104 S.Ct. 3138. The Court recognized that the defendant's lack of opportunity to impeach the state's evidence and to present evidence of his or her own and the resulting lack of a complete trial record made "the use of harmless error analysis especially difficult." *Id.* The Court stated, "Without the benefit of such a record in this case, we decline to rule that the trial court's refusal to suppress respondent's postarrest statements 'was harmless beyond a reasonable doubt.'" *Id.* at 444–45, 104 S.Ct. 3138.

■ When reviewing for harmless error, the reviewing court must conduct a "thorough examination of the evidence" before it can determine whether the verdict was surely unattributable to the error. *Juarez*, 572 N.W.2d at 292. This requirement presumes that the evidence was thoroughly developed and contested in the first instance. Yet, when a case is tried on stipulated facts, that development of the evidence does not occur. In such trials, witness statements are generally not made under oath. Thus, the defendant does not have the opportunity to impeach witness statements or present evidence of his or her own. Given the absence of a developed record, we find unpersuasive the state's argument that trials on stipulated facts and contested trials should be treated the same for purposes of harmless error review.[3]

■ We also find unpersuasive the argument that the evidence properly ad-

---

**3.** With respect to the state's concerns regarding unlimited interlocutory review of pretrial rulings, we caution prosecutors, in the exercise of their discretion, to agree to proceed with trials on stipulated facts only when the purposes underlying such trials are served.

We also caution trial courts to consider carefully whether the pretrial ruling would indeed be dispositive of the entire case, thereby ensuring that a trial on stipulated facts will serve the interest of judicial economy.

mitted in R.J.E.'s hearing was sufficient by itself to sustain R.J.E.'s adjudication of delinquency. The mere fact that the properly admitted evidence is or may be sufficient to sustain an adjudication for delinquency or a conviction does not signify necessarily that the verdict rendered was surely unattributable to the error. *Id.* at 291 (stating that, although the court of appeals had examined all the evidence and concluded that the defendant's conviction was supported by the evidence, its conclusion, albeit accurate, did not establish by itself that the erroneous admission was harmless).

Further, as discussed above, the problem with applying harmless error review to trials on stipulated facts is that the evidence goes unchallenged. The otherwise properly admitted evidence in this case underscores this problem. Here, the evidence consisted primarily of the complainant's statement taken from police reports, which we have traditionally considered to be inherently unreliable, *see State v. Greenleaf,* 591 N.W.2d 488, 503 (Minn. 1999) (stating that "unsworn, ex parte statements made during police questioning have traditionally been considered inherently untrustworthy"). The complainant's statement was not made under oath and was not subject to cross-examination. Nor did R.J.E. otherwise impeach the statement or have an opportunity to present witnesses on his behalf.

Based on the concerns that we noted in *Miller* and *Munson,* the rationale for permitting trials on stipulated facts, and the rationale underlying review for harmless error, we conclude that harmless error review should not be applied to trials on stipulated facts. Consequently, we reverse R.J.E.'s adjudication of delinquency and remand for a new hearing. Because we reverse and remand for a new hearing,

it is unnecessary for us to reach R.J.E.'s alternative arguments.

Reversed and remanded for further proceedings.