**STATE of Minnesota, Respondent,**

**v.**

**Dane Joseph RILEY, Appellant.**

**No. C4–02–1998.**

Court of Appeals of Minnesota.

Aug. 12, 2003.

**154**

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul; and Earl E. Maus, Cass County Attorney, Walker, for respondent.

John M. Stuart, State Public Defender, Jodie L. Carlson, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by PETERSON, Presiding Judge, LANSING, Judge, and HUSPENI, Judge.*

**O P I N I O N**

LANSING, Judge.

Dane Riley was charged with illegal possession of a firearm and two counts of second-degree assault after drivers reported that their cars had been hit by gun shots on Highway 371, north of Pine River.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

At a contested omnibus hearing, Riley moved to suppress all evidence, including a rifle, obtained during a stop of the car in which he was a passenger. The district court denied the suppression motion. Riley and the state agreed to submit an amended second-degree assault charge to the court on stipulated facts under the procedure provided in *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980), and the state dismissed the remaining charges. In this appeal from conviction, Riley challenges the correctness of the pretrial ruling and the sufficiency of the evidence to support the second-degree assault conviction.

## F A C T S

A deputy sheriff on patrol in the Pine River area about 10:00 p.m. was approached by a truck driver who said that his truck had been shot at while he was driving on Highway 371, just north of Pine River. The driver showed the deputy a bullet hole on the side of the truck.

About ten minutes later, while the deputy and two other law enforcement officers were checking the area north of Pine River, local dispatch received another call from a driver reporting that someone had shot at her car near the intersection of Highway 371 and Black Bear Golf Course Road. The deputy was in that area when he received the report.

As the deputy continued driving, he saw a pickup weaving and nearly leave the road as it rounded a corner. He stopped the pickup and noticed that the driver appeared to be intoxicated. When one of the other officers joined the deputy where he had stopped the pickup, he left the intoxicated driver in his custody and went to look through the ditch area to see if the driver had thrown anything out the window. After he returned to the stopped pickup, a car approached from the direction of the last reported shooting.

Omnibus testimony differs on what happened next. The deputy testified that the car slowed and then stopped approximately five to ten feet from where he was standing. Riley testified that as they approached the police cars, an officer "stepped in the middle of the road waving his flashlight and then walked up to the car and started flashing his light around." The other occupants of the car gave similar testimony.

The testimony was uncontradicted that, when the deputy looked into the car with his flashlight, he saw an uncased rifle on the floor of the back seat. After discovering the rifle, the deputy walked the driver to the squad car and took his statement. The driver confessed to police that he, Dane Riley, and the third person in the car had taken turns using the rifle to shoot at passing cars on Highway 371 because it gave them a "rush."

At the contested omnibus hearing, Riley moved to suppress all evidence obtained from the stop of the car, arguing that the stop was unconstitutional. After the district court denied Riley's motion, Riley and the state agreed that Riley would waive his right to a jury trial and submit the second-degree-assault charge to the district court on stipulated facts under *State v. Lothenbach,* 296 N.W.2d 854 (Minn. 1980). The state dismissed the remaining charges. The stipulated evidence included arrest and investigation reports, statements given by Riley and his two companions in the car, the guilty plea transcripts of Riley's two companions, the rifle, photographs, and Riley's stipulation that he was with his two companions when they fired the rifle.

The district court found Riley guilty of second-degree assault. Riley appeals the pretrial ruling on the validity of the stop and the sufficiency of the evidence to sup-

port his conviction for second-degree assault.

## ISSUES

I. Did the district court err in denying the motion to suppress evidence obtained from the car in which Riley was a passenger?

II. If a defendant waives his right to a jury trial, stipulates to the facts, and submits the case to the court under *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980), may he challenge the sufficiency of the evidence to sustain his conviction on appeal?

## ANALYSIS

### I

The district court found that the car in which Riley· was a passenger "most likely stopped or slowed to a crawl because the occupants saw the police cars and flashing lights and knew they should be extremely cautious." On this finding, the court concluded that the deputy's approach to the car did not trigger Fourth Amendment protections.

■ It is well settled that a police officer, while standing in a place in which he has a right to be, next to an automobile which he has not stopped, may properly shine his flashlight through the car window into the passenger compartment and observe anything in plain view. *See State v. Vohnoutka*, 292 N.W.2d 756, 757 (Minn. 1980). Thus, if the driver of the car in which Riley was riding stopped voluntarily, the flashlight-aided visual check of the passenger compartment does not constitute a seizure for purposes of the Fourth Amendment.

Riley contends that the district court did not unequivocally find that the car in which he was riding voluntarily stopped.

Although we read the findings otherwise, we agree that the district court's memorandum does analyze the issue in the alternative. Consequently, we extend our analysis to determine whether the facts provide a constitutional basis for an investigatory stop.

■ A vehicle stop is a seizure. *State v. Greyeagle*, 541 N.W.2d 326, 328 (Minn. App.1995). A limited investigative stop is permissible if the officer is able to articulate that he had a particularized and objective basis for suspecting criminal activity. *United States v. Cortez*, 449 U.S. 411, 417–18, 101 S.Ct. 690, 694–95, 66 L.Ed.2d 621 (1981). The officer makes his assessment on the basis of "all the circumstances" and draws inferences and makes deductions based on his training and experience in law enforcement. *Id.* at 418, 101 S.Ct. at 695. "These circumstances include the officer's general knowledge and experience, the officer's personal observations, information the officer has received from other sources, the nature of the offense suspected, the time, the location, and anything else that is relevant." *Appelgate v. Comm'r of Pub. Safety*, 402 N.W.2d 106, 108 (Minn.1987). We review the legality of a limited investigatory stop and questions of reasonable suspicion de novo. *State v. Munson*, 594 N.W.2d 128, 135 (Minn.1999).

■ Under the totality of the circumstances in this case, the deputy had a particularized and objective basis for stopping the car in which Riley was a passenger. The deputy knew that two vehicles had been shot north of Pine River between 10:00 and 10:30 p.m., and that the most recent shooting occurred near the Black Bear Golf Course. The deputy had immediately proceeded to the Black Bear Golf Course area after the first motorist reported the shooting, and the deputy was on Black Bear Golf Course Road when dispatch received the call from the second

motorist, who reported that her car was shot "in the area of the Black Bear Golf Course Road."

Black Bear Golf Course Road is located in a remote area. The driver of the car in which Riley was riding agreed that Black Bear Golf Course Road was "out in the middle of nowhere." The deputy observed only two vehicles aside from the police cars and the tow truck: the pickup of the intoxicated driver and the car in which Riley was a passenger. Both were coming from the direction of the most recent reported shooting. Under these circumstances it was reasonable for the deputy to suspect that the occupants of the two vehicles he observed driving on Black Bear Golf Course Road shortly after the reported shootings might be involved in the shootings. *See Appelgate*, 402 N.W.2d at 108 (discussing factors relevant to validity of stop conducted in vicinity of recently committed crime). Thus, if the deputy initiated the stop of Riley's car, he had a particularized and objective basis for the stop.

Because the deputy could legally approach Riley's car whether the car stopped voluntarily or was forced to stop, the district court did not err in denying Riley's motion to suppress the state's evidence.

## II

Riley argues on appeal that his conviction must be reversed because the evidence is insufficient to sustain his conviction of second-degree assault. It is undisputed that Riley submitted his case to the district court on stipulated facts under the procedures outlined in *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980).

*Lothenbach* recognized that Minnesota does not allow a conditional plea of guilty that would preserve the right to appeal an adverse suppression order. *State v. Verschelde*, 595 N.W.2d 192, 194 (Minn.1999).

Instead the *Lothenbach* court sanctioned a procedure in which the defendant pleads guilty, waives his right to jury trial, and then stipulates to the prosecutor's case as a means of avoiding an unnecessary trial when the defendant contests only the pretrial suppression ruling. *Lothenbach*, 296 N.W.2d at 857–58. In essence, when submitting his case under *Lothenbach*, a defendant concedes the truth of the facts that the state presents to the district court. *See* 8 Henry W. McCarr & Jack S. Nordby, *Minnesota Practice* § 19.5 (2001) (stating that a defendant who submits his case to the district court under *Lothenbach* "conced[es] factual guilt conditional upon the correctness of the pre-trial ruling to be appealed").

Nine years after the *Lothenbach* decision, a provision allowing for a trial on stipulated facts was added to the Minnesota Rules of Criminal Procedure. *See* Minn. R.Crim. P. 26.01, subd. 3. Although the *Lothenbach* procedure and the "stipulated facts" trial permitted in rule 26.01 have been viewed by many courts and practitioners as the same procedure, a recent decision of the Minnesota Supreme Court suggests that the procedures differ in their effect on a defendant's right to challenge the sufficiency of evidence. In *State v. Busse*, 644 N.W.2d 79 (Minn. 2002), the supreme court held that an appellant may not challenge the sufficiency of the evidence after a *Lothenbach* trial on stipulated facts because the *Lothenbach* procedure is used to submit a case to the district court while "preserving *pretrial* issues for appeal." *Busse*, 644 N.W.2d at 88 (quotation omitted). According to the court, the proper means of challenging the state's proof of elements of the charge is to "proceed[ ] to trial and argue[ ] to a factfinder that the state has not proven all the elements of the charge instead of stipulating to the state's case." *Id.* at 89.

This interpretation is consistent with the supreme court's description of the *Lothenbach* procedure in, *In re Welfare of R.J.E.*, 642 N.W.2d 708 (Minn.2002), a case decided a month before *Busse*. In that case, the court explained that "[t]he procedure for trials on stipulated facts, which we approved in *Lothenbach*, permits a criminal defendant, in the absence of an interlocutory appeal, to obtain review of pretrial issues without going through a contested trial." *In re Welfare of R.J.E.*, 642 N.W.2d 708, 711. The court reiterated that the rationale for the *Lothenbach* procedure is to prevent the inefficient use of judicial resources that occurs when the facts are undisputed, but a trial is necessary to obtain appellate review of a pretrial ruling. *Id.*

We have observed continuing confusion over the distinction between a stipulated-facts trial under rule 26.01 and a stipulated-facts trial under *Lothenbach*. The terms of the rule specify that after a trial on stipulated facts a "defendant may appeal from the judgment of conviction *and raise issues on appeal the same as from any trial to the court.*" Minn. R.Crim. P. 26.01, subd. 3 (emphasis added). The reach of the rule has not been specifically determined, and the rule's reference to the *Lothenbach* procedure in a comment suggests interrelationship between the rule and the case. *See, e.g.*, Minn. R.Crim. P. 26.01 cmt. (referring to *Lothenbach* and stating that under the rule a denial of a motion to suppress evidence or other pretrial order may be preserved).

■ We recognize that, unlike the criminal-procedure rules, the comments to the rules are not promulgated or approved by the supreme court. *State v. Bonafide*, 457 N.W.2d 211, 213 (Minn.App.1990). The comments are advisory only and not binding on the courts. *State v. Pero*, 590 N.W.2d 319, 326 (Minn.1999). In promul-

gating the amendments to the rules of criminal procedure, the court stated that "the inclusion of Advisory Committee Comments is made for convenience and does not reflect court approval of the comments made therein." Minnesota Supreme Court Order Promulgating Amendments to the Rules of Criminal Procedure (Dec. 13, 1989).

■ In light of the advisory status of the rules and the language in *Busse*, we conclude that the supreme court has drawn a distinction between the *Lothenbach* procedure and a stipulated-facts trial under rule 26.01. In keeping with that distinction, when a case is submitted on stipulated facts to obtain review of a pretrial ruling under the *Lothenbach* procedure, appellate review is limited, and the defendant may not, on appeal, challenge the sufficiency of the evidence to support his conviction.

Because Riley submitted his case under the *Lothenbach* procedure, the holding in *Busse* precludes him from raising a sufficiency-of-the-evidence argument on appeal. If he believed that the state could not meet its burden of proof for the second-degree-assault charge, Riley should have instead challenged the state's evidence by proceeding to trial. Consequently, we decline to consider Riley's sufficiency-of-the-evidence argument.

## D E C I S I O N

The district court did not err in denying Riley's motion to suppress the state's evidence. Whether Riley's car stopped voluntarily or in response to the deputy's actions, the stop was not illegal because the deputy had a particularized and objective basis to suspect the occupants of criminal activity. Under *State v. Busse*, 644 N.W.2d 79 (Minn.2002), Riley is precluded from raising a sufficiency-of-the-evidence argument on appeal after submitting his

case to the district court under the procedure outlined in *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980).

Affirmed.