*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1256**

Freddie Lee Jenkins, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 2, 2016
Affirmed
Toussaint, Judge***

Ramsey County District Court
File No. 62-CR-08-2703

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

       Considered and decided by Halbrooks, Presiding Judge; Bjorkman, Judge; and

Toussaint, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**TOUSSAINT**, Judge

In this postconviction appeal seeking relief from his 2011 conviction of a second-degree controlled substance crime, following a *Lothenbach* proceeding, appellant argues that the postconviction court abused its discretion when it denied appellant's (1) petition alleging deficiencies at the St. Paul Crime Lab that should entitle him to a new trial based on newly discovered evidence, a Brady violation, and ineffective assistance of counsel; (2) request for an evidentiary hearing when the petition was timely filed within two years of when the claim arose under the newly-discovered-evidence and interests-of-justice exceptions; and (3) request for an evidentiary hearing when the facts asserted in the petition demonstrate that he is entitled to relief. Because the district court did not abuse its discretion in denying appellant's petition for postconviction relief without a hearing, we affirm.

## DECISION

Appellant, Freddie Lee Jenkins, challenges the denial of his petition for postconviction relief, arguing that the district court abused its discretion when it denied his request for postconviction relief because testing deficiencies discovered at the St. Paul Police Department Crime Lab (SPPDCL) provided a basis on which to vacate his conviction. Jenkins argues that his petition was not time-barred and he is entitled to postconviction relief because of newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel.

In December 2007, according to the complaint, two police officers approached what they believed to be a drug transaction between two men, one of whom was Jenkins. Jenkins walked away from the police despite being told to stop, and one of the officers saw him swallow what the officers believed to be crack cocaine. The officers searched Jenkins and found a substance that they suspected to be crack cocaine in the upper left arm pocket of his coat. Initially, Jenkins said that the coat was not his, but he eventually admitted that the crack cocaine was his and that he was planning to use it. The state charged Jenkins with one count of possession of a controlled substance in the second degree. *See* Minn. Stat. § 152.022, subd. 2(1) (2006).

On October 11, 2010, Jenkins waived his right to a jury trial and proceeded to a stipulated-facts court trial. *See State v. Lothenbach*, 296 N.W.2d 854, 857-58 (Minn. 1980) (establishing procedure by which a defendant may plead not guilty, waive all trial-related rights, stipulate to the state's evidence in a court trial, and then appeal a dispositive pretrial ruling). Jenkins stipulated to the *Rasmussen* hearing testimony and the SPPDCL report. Jenkins noted on the record that he was "not contesting that it was in fact cocaine." The district court found Jenkins guilty of the charged offense. At sentencing, the district court noted that Jenkins admitted "he was in clear possession of the cocaine." The district court gave Jenkins a stayed sentence of 84 months and placed him on probation for 10 years. In October 2011, following a probation violation, Jenkins's sentence was executed.

In July 2014, Jenkins filed a petition for postconviction relief. His petition was based on revelations that the SPPDCL had inadequate training and testing protocols, which eventually led to the lab's loss of certification. *See generally Roberts v. State*, 856 N.W.2d

287, 288-89 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015). The district court denied Jenkins's petition without an evidentiary hearing. Jenkins appeals.

Jenkins raises three issues in his brief: he argues that the district court abused its discretion by denying his petition for postconviction relief, by holding that Jenkins was beyond the statutory filing deadline and did not establish a statutory exception, and by denying his request for an evidentiary hearing. Under this court's precedent in *Roberts*, 856 N.W.2d at 288, however, the timeliness issue is dispositive. We conclude that Jenkins's claims are time-barred and that he has not demonstrated any exception to the statutory time limits.

**Jenkins's Postconviction Petition is Time-Barred**

An individual who asserts that his criminal conviction was obtained in violation of his constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2014). Petitions for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." *Id.*, subd. 4(a) (2014). A petition filed after the two-year time limit may be considered if it satisfies one of five statutory exceptions. *Id.*, subd. 4(b) (2014). A petition that invokes one of the exceptions must be filed within two years of the date the claim arises. *Id.*, subd. 4(c) (2014).

We review denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State,* 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id*. (quotation omitted). Legal issues are reviewed de novo,

4

but review of factual issues is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015).

Jenkins does not deny that his petition was filed outside the two-year time limit, but he argues that the newly-discovered-evidence and interests-of-justice exceptions apply. Each argument is addressed in turn.

**The Newly-Discovered-Evidence Exception**

Jenkins argues that the testing deficiencies that were discovered at the SPPDCL in 2012 constitute newly discovered evidence. We disagree.

A district court may hear an untimely petition for postconviction relief if (1) the petitioner alleges the existence of newly discovered evidence, (2) the evidence could not have been discovered through the due diligence of the petitioner or his attorney within the two-year time limit, (3) the evidence is not cumulative, (4) the evidence is not for impeachment purposes, and (5) the evidence establishes the petitioner's innocence by clear and convincing evidence. *Roberts*, 856 N.W.2d at 290 (quoting Minn. Stat. § 590.01, subd. 4(b)(2) (2012)). All five elements must be established to obtain relief. *Id.* If an exception applies, the petition must be filed within two years of the date the claim arises. Minn. Stat. § 590.01, subd. 4(c). A claim arises when the petitioner "knew or should have known that the claim existed." *Sanchez v. State*, 816 N.W.2d 550, 552 (Minn. 2012).

This court rejected Jenkins's argument in *Roberts*, holding that the newly-discovered-evidence exception did not apply because Roberts failed to show that the testing deficiencies could *not* have been discovered through the exercise of due diligence and did

5

not establish by clear and convincing evidence that he was innocent. *Roberts*, 856 N.W.2d at 291-92. Like Roberts, Jenkins did not challenge the identity of the substance, and he expressly stated that he was not contesting that the substance was cocaine. He did not offer evidence regarding the identity of the substance, and he expressly gave up his right to challenge the state's evidence by stipulating to it in a *Lothenbach* proceeding. *See State v. Riley*, 667 N.W.2d 153, 154 (Minn. App. 2003) ("Because a defendant who relies on the *Lothenbach* procedure essentially concedes factual guilt conditioned on the correctness of the pretrial ruling, the defendant may not challenge the sufficiency of the evidence on appeal from a conviction entered following a *Lothenbach* stipulation."), *review denied* (Minn. Oct. 21, 2003); *see also* Minn. R. Crim. P. 26.01, subd. 4(f) (providing that "[t]he defendant must also acknowledge that appellate review will be of the pretrial issue, but not of the defendant's guilt, *or of other issues that could arise at a contested trial*" (emphasis added)).

Jenkins attempts to distinguish the facts of this case from *Roberts*, arguing that even if the SPPDCL reports had been diligently reviewed, it would have taken an attorney with specialized training to discover the testing deficiencies. To support that proposition, Jenkins, unlike Roberts, "presented an affidavit in his petition from Lauri Traub, one of the attorneys from the *Jensen* hearing, outlining why her experience and scientific background helped her discover what other attorneys could not." Traub is an assistant public defender in Dakota County who helped expose the procedural deficiencies at the SPPDCL. In her affidavit, Traub explained why she believed that she was only able to discover the testing defects because of her participation in the Public Defender DNA Intensive Institute, an

"intensive training program for 33 public defenders in the science of DNA," which spanned 18 months.

Traub explained that her training included obtaining "the complete underlying DNA testing file from the BCA and meeting with the scientist to discuss the file." Upon finishing the DNA Institute, Traub and some other participants decided to learn more about forensic drug testing by sending a disclosure request to the SPPDCL, ultimately leading to a *Frye-Mack* hearing challenging the scientific reliability of the testing performed there. Traub concluded that she and her colleague "were able to discern the problems with the crime lab . . . because of [their] specialized scientific training" and noted that the issues that concerned her would not have been familiar to an attorney without it.

Jenkins asserts that the Traub affidavit is sufficient to show that the deficient processes at the crime lab could not have been discovered by due diligence because they required specialized training to spot. However, this affidavit does not fully address the concerns this court had in *Roberts*. Jenkins "does not claim that he made any effort to investigate the validity of the test results. Nor does he claim that anyone prevented him from doing so." *Roberts*, 856 N.W.2d at 291.

Like Roberts, Jenkins agreed that the crime lab analyzed the substance found in his coat and identified it as cocaine, and accordingly, he knew the charge against him was based on the crime lab's test results. *Id.* As Roberts did, Jenkins had access to the test results under the discovery rules, *see* Minn. R. Crim. P. 9.01, subd. 1(4) (requiring the prosecutor to disclose scientific tests and permit defense counsel to inspect and reproduce any scientific test results), and he could have challenged the foundational reliability of the

7

test results. *See* Minn. R. Crim. P. 11.02, .04 (allowing the defendant to demand an omnibus hearing on evidentiary issues). Further, Jenkins "could have requested public funds for that purpose." *Roberts*, 856 N.W.2d at 291 (citing Minn. Stat. § 611.21(a) (2004) (authorizing court-appointed counsel to file an application for expert services and the court to direct payment for such services by the county in which the prosecution originates)).

In addition, "to satisfy the newly-discovered-evidence exception, the newly discovered evidence must establish actual innocence." *Id.* at 292 (quotation omitted). "Actual innocence is more than an uncertainty about guilt. Instead, establishing actual innocence requires evidence that renders it more likely than not that no reasonable jury would convict." *Id.* (quotation omitted). Here, as in *Roberts*, there is also nonscientific evidence of guilt. According to the complaint, Jenkins swallowed what the police believed to be additional crack cocaine despite being ordered by the officers to spit it out; Jenkins also eventually admitted to the police that the crack cocaine in his coat was his. Further, Jenkins has not denied in district court or in his postconviction appeal that the substance was crack cocaine. In *Roberts*, this court found that similar circumstances were "fatal to [the appellant's] attempt to establish actual innocence based on speculation regarding the validity of the test results in his case." *Id.*

Traub's affidavit does not negate the fact that Jenkins, like Roberts, has failed to show that he made an attempt to investigate the test results or that anything prevented him from doing so. *See id*. at 291. Jenkins "has not met his burden to establish that the new evidence regarding the crime lab could not have been discovered with due diligence or that the new evidence clearly and convincingly establishes his innocence." *Id.* at 292.

8

Accordingly, the district court did not abuse its discretion by concluding that the newly-discovered-evidence exception does not apply.

**The Interests-of-Justice Exception**

"[A district] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Id*. at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5) (2012)). The interests-of-justice exception applies in exceptional cases where a claim has substantive merit and the petitioner has not deliberately and inexcusably failed to raise the issue on direct appeal. *Id*. Courts also consider the degree to which each party is at fault for the alleged error, whether a fundamental unfairness to the defendant needs to be addressed, and if relief is necessary to protect the integrity of judicial proceedings.[1] *Id.*

This court in *Roberts* determined that the interests-of-justice exception had not been met under nearly identical circumstances and noted that the appellant had not made a showing of fundamental unfairness. 856 N.W.2d at 293. This court noted:

> We recognize that the information regarding the crime lab could have influenced Roberts's decision to waive his right to a trial and plead guilty. But it is not fundamentally unfair to hold Roberts accountable for his choice to accept the state's scientific evidence at face value and resolve his case with a guilty plea in exchange for a reduced sentence.

*Id.* Although Jenkins stipulated to the state's evidence in a *Lothenbach* proceeding, the same reasoning applies. Jenkins argues that his petition has substantive merit based on newly discovered evidence, a *Brady* violation, a due-process violation, and ineffective

---

[1] This list of factors is nonexclusive. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010).

assistance of counsel. By stipulating to the state's evidence in a *Lothenbach* proceeding, however, Jenkins waived his evidentiary and procedural challenges. In addition, this court considered identical arguments in *Roberts* and found them to be meritless. Because *Roberts* controls here and is completely on point, the district court did not abuse its discretion in denying Jenkins's petition for postconviction relief without a hearing.[2]

**Affirmed.**

---

[2] Although petitioners are generally entitled to an evidentiary hearing, a district court may summarily deny a petition when the petition, files, and records conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2012). A request for an evidentiary hearing is reviewed for an abuse of discretion. *Riley*, 819 N.W.2d at 167. Because the record conclusively shows that Jenkins is not entitled to postconviction relief, the district court did not abuse its discretion by denying his request for an evidentiary hearing. *See Powers v. State*, 695 N.W.2d 371, 374-75 (Minn. 2005) (holding that district court did not abuse its discretion by denying postconviction relief without a hearing where petitioner's arguments were *Knaffla*-barred).